kaw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG W. BROWN, JAN BROWN,  ) | |
| DAVID A. ARRIGHI, LYDIA REED,  ) | |
| RONALD L. CRITCHTON-REED,  ) | |
| KATHERINE CRITCHTON-REED,  ) | |
| and WALTER SIMMONS,  ) | |
| ) | |
| **Plaintiffs,**  ) | |
| ) | |
| vs.  ) | |
| )   **Case No. 06- 2548-JAR** | |
| ALMA, INC., THOMAS C. MOORE,  ) | |
| JAMES W. MOORE, and BRADLEY  ) | |
| YOUNG, LLP,  ) | |
| ) | |
| **Defendants.**  ) | |
| _____) | |

## MEMORANDUM AND ORDER

The Court now considers defendant Bradley Young LLP's ("Bradley Young") Motion for
Judgment on the Pleadings (Doc. 18).  Plaintiffs Craig Brown, Jan Brown, David Arrighi, Lydia
Reed, Ronald Critchon-Reed, Katherine Critchon-Reed, and Walter Simmons brought this action
claiming violation of the Kansas Securities Act, fraud and misrepresentation, for an accounting
of all income and expenses for each oil lease represented in this case, and for violations of the
Racketeering, Influenced and Corrupt Organization Act ("RICO") (Doc. 1).  For the reasons set
forth below, defendant's motion is granted in part.

**Background**

Plaintiffs commenced this action in Johnson County District Court on May 18, 2004,
against defendants James Moore, Thomas Moore, and Alma, Inc.  The case was dismissed

without prejudice in state court, on August 29, 2006, by stipulation of the parties. Plaintiffs then refiled the action in this Court on December 13, 2006, adding defendant Bradley Young. Additionally, plaintiffs added a new claim against the parties, asserting violations of RICO. Defendant Bradley Young filed a Motion for Judgment on the Pleadings claiming that the Kansas saving statute does not apply because this case is not substantially similar to the prior state court action. Specifically, defendant claims that because plaintiff added a new claim and a new defendant, the saving statute does not apply and the case should be dismissed because the statute of limitations has run.

**Standard for Motion for Judgment on the Pleadings**

A court applies the same standard on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1] All well-pleaded allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff.[2] As previously stated in this Circuit, the complaint should not be dismissed unless it appears beyond doubt that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.[3] Recently, however, the Supreme Court has changed this standard to a new inquiry: "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] This means that a plaintiff must "'nudge his claim across the line from

---

[1] *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[2] *Id.*

[3] *Id.*

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

conceivable to plausible' in order to survive a motion to dismiss."[5]  Thus, the new standard requires plaintiff to show that his claim is more than metaphysically possible by showing that there is a "reasonable likelihood of mustering factual support."[6]

**Discussion**

The Kansas saving statute provides that if a plaintiff's action fails "otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six months after such failure."[7]  The statute does not toll the statute of limitations, it merely preserves six months for the plaintiff to refile his action where the statute of limitations has run and the first action was dismissed otherwise than on the merits.[8]  The Kansas Supreme Court has taken the position that the statute is applicable where the actions filed are "substantially similar."[9]  In *Rogers v. Williams, Larson, Voss, Strobel & Estes*, the Kansas Supreme Court determined that an action filed by plaintiffs in their representative capacities was not the same as an action filed by plaintiffs in their individual capacities.[10]  In *Taylor v. International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO*,[11] the Kansas Court of Appeals noted that:

---

[5]*Id.* (quoting *Twombly*, 127 S. Ct. at 1969).

[6]*Id.*

[7]K.S.A. § 60-518.

[8]*Rogers v. Williams, Larson, Voss, Strobel & Estes.*, 777 P.2d 836, 838 (Kan. 1989) (quotations omitted).

[9]*Taylor v. Int'l Union of Elec., Elec., Salaried Mach. & Furniture Workers AFL-CIO*, 968 P.2d 685, 689 (Kan. Ct. App. 1998) (citing *Rogers*, 777 P.2d at 837 for the proposition that the two actions must be substantially similar).

[10]*Rogers*, 777 P.2d at 839.

[11]968 P.2d 685 (Kan.  Ct. App. 1998).

3

> "The saving statute applies only if the original action and
> subsequent action are substantially the same. Where the parties
> and the relief sought in the new action are different from those in
> the original action, the actions are not substantially the same, and
> the saving statute does not apply. In addition, where the relief
> sought is the same in both actions, but defendants are different, the
> actions are not substantially the same for purposes of the saving
> statute."[12]

Here, as can plainly be noticed, plaintiffs' actions are not the same. Indeed plaintiffs
seem to concede that this action is not substantially similar to the first action.[13] First, this action
adds a new defendant, Bradley Young, in contravention of the rule issued in *Taylor*.
Additionally, plaintiff's second action brings additional claims against all the defendants in this
case, in contravention of the rule in *Taylor*. Needless to say, plaintiffs claim cannot rest on the
saving statute to survive the statute of limitations.

The statute of limitations for a violation of the Kansas Securities Act, specifically the sale
of unregistered securities, is three years.[14] The period begins to run upon the sale of the
security.[15] The statute of limitations for a fraud claim is two years, and that period begins to run
when the plaintiff becomes aware of the fraud.[16] The sale of the securities occurred in 2003 and
the original action was filed on May 18, 2004. It has been over three years since the sale of the

---

[12]*Taylor*, 968 P.2d at 689 (quoting *Day v. NLO, Inc.*, 798 F. Supp. 1322,1328 (S.D. Ohio 1992)) (citations omitted).

[13]Plaintiffs only contend that the statute of limitations has not run on the RICO claim and that defendant has not shown that the statute of limitations has run on the other state law claims.

[14]*Perry H. Bacon Trust v. Transition Partners. Ltd.*, 298 F. Supp. 2d 1182, 1186 (D. Kan. 2004); *Kelly .v Primeline Advisory, Inc.*, 889 P.2d 130, 135 (Kan. 1995). Though the Kansas Uniform Securities Act ("KUSA") provides for a statute of limitations, this case is governed by the old Kansas Securities Act because it was pending while the KUSA was promulgated.

[15]*Kelly*, 889 P.2d at 135.

[16]K.S.A. § 60-513(a)(3).

securities.  Presumably, plaintiffs were aware of their fraud injury when they filed the first action in state court.  The statute of limitations for the RICO claim, however, is four years,[17] thus that claim remains viable.  As the statutes of limitations for the state law claims have expired and the saving statute does not provide a safeguard for plaintiffs, defendant's Motion for Judgment on the Pleadings (Doc. 18) is granted as to the state law claims.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Bradley Young LLP's Motion for Judgment on the Pleadings (Doc. 18) is **GRANTED** in part.

**IT IS SO ORDERED**.

Dated this 16th day of October 2007.

 S/ Julie A. Robinson_____
**Julie A. Robinson**
**United States District Judge**

---

[17]*Rotella v. Wood*, 528 U.S. 549, 553 (2000).

5