kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAIG W. BROWN, JAN BROWN, ) <br> DAVID A. ARRIGHI, LYDIA REED, ) <br> RONALD L. CRITCHTON-REED, ) <br> KATHERINE CRITCHTON-REED, ) <br> and WALTER SIMMONS, ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> vs.  ) <br>  ) Case No. 06-2548-JAR <br> ALMA, INC., THOMAS C. MOORE, ) <br> JAMES W. MOORE, and BRADLEY ) <br> YOUNG, LLP, ) <br>  ) <br> Defendants.  ) <br> _____) | |

## MEMORANDUM AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

The Court now considers defendants Alma, Inc., Thomas Moore, James Moore, and Bradley Young LLP's Motion to Dismiss and Stay Discovery (Doc. 28).  Plaintiffs Craig Brown, Jan Brown, David Arrighi, Lydia Reed, Ronald Critchon-Reed, Katherine Critchon-Reed, and Walter Simmons brought this action claiming violation of the Kansas Securities Act, fraud and misrepresentation, for an accounting of all income and expenses for each oil lease represented, and for violations of the Racketeering, Influenced and Corrupt Organization Act ("RICO") (Doc. 1).  Defendants urge the Court to dismiss this action on the basis of Fed. R. Civ. P. 12(b)(6), for failure to state a claim, and because judgment on the pleadings is appropriate pursuant to Fed. R. Civ. P. 12(c).  For the reasons set forth below, defendants' motion to dismiss is granted and motion to stay is moot.

**Standard for Motion to Dismiss and Judgment on the Pleadings**

A court applies the same standard on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) as on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[1] All well-pleaded allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff.[2] As previously stated in this Circuit, the complaint should not be dismissed unless it appears beyond doubt that plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.[3] Recently, however, the Supreme Court has changed this standard to a new inquiry: "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] This means that a plaintiff must "'nudge his claim across the line from conceivable to plausible' in order to survive a motion to dismiss."[5] Thus, the new standard requires plaintiff to show that his claim is more than metaphysically possible by showing that there is a "reasonable likelihood of mustering factual support."[6]

**Failure to Respond**

Plaintiffs have failed to abide by the local rule allowing twenty-three days to file a response to a dispositive motion.[7] Defendants filed their Motion to Dismiss and Stay Discovery (Doc. 28) on August 28, 2007, and plaintiffs have failed to respond. A party that fails to file a

---

[1] *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[2] *Id.*

[3] *Id.*

[4] *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

[5] *Id.* (quoting *Twombly*, 127 S. Ct. at 1969).

[6] *Id.*

[7] D. Kan. R. 6.1(d)(2).

response to a timely filed motion waives the right to respond unless that party can show excusable neglect.[8]  If a party fails to file a response, then the motion is considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[9]  However, where the burden lies on the defendants to show that the complaint is not "plausible" on its face, this Court finds it prudent to determine whether the plaintiffs have stated a claim.

**Discussion**

    *A.*    *Fraud and Misrepresentation Claims*

Rule 9(b) states that all averments of fraud must be pled with particularity.  A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[10]  The purpose of the rule is to give defendants a fair notice of the allegations against them and factual grounds that support those allegations.[11]

In this case, plaintiffs have failed to plead their fraud and misrepresentation claim with particularity.  Plaintiffs' complaint does not detail who made the misleading statements nor does it explain what the misleading statements were.  The complaint simply recites that "plaintiffs were provided with written documentation containing cash flow and return on investment from one unit investment," and that defendants "made oral representations to plaintiffs."  Moreover, the plaintiffs fail to specifically identify which plaintiff was injured and how that plaintiff was

---

[8] D. Kan. R. 7.4.

[9] *Id.*

[10] *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000) (citations omitted).

[11] *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

3

injured because of defendants' acts. Furthermore, plaintiffs simply allege that the misrepresentations took place in 2000, rather than alleging specific dates and times when the misrepresentations were made.[12] Finally, plaintiffs' complaint lacks any indication of to whom the misrepresentations were made, simply stating that "plaintiffs and each of them, relied upon the written and verbal representations of defendants."[13] And, as plaintiffs have failed to respond to this motion, this Court is constrained to find that the plaintiffs have not pled their fraud and misrepresentation claims with particularity as required by Rule 9(b), and accordingly, the claim is dismissed.

  B.  <u>RICO Claim</u>

To establish a civil claim under RICO, plaintiffs must allege that defendants "(1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[14] "A pattern of racketeering activity must include commission of at least two predicate acts."[15] Plaintiffs allege mail and wire fraud as the predicate acts to support their RICO claim; thus, plaintiffs must meet the Fed. R. Civ. P. 9(b) particularity requirement.[16] That means that plaintiffs must provide specific mail fraud and wire fraud violations to support their RICO

---

[12] *Koch*, 203 F.3d at 1237 (explaining that a broad statement of when the alleged misrepresentations took place does not comply with Rule 9(b)).

[13] *Id.* (explaining that failure to identify which defendant made the representation and to whom does not comply with Rule 9(b)).

[14] *BancOklahoma Mortgage Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1100 (10th Cir. 1999) (quoting *Resolution Trust Corp .v Stone*, 998 F.2d 1534, 1541 (10th Cir. 1993)).

[15] *Garret v. Selby Conner Maddux & Janer,* 425 F.3d 836, 838 (10th Cir. 2005) (quoting *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003)).

[16] *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002).

claim.[17]

Again, plaintiffs fail to meet the pleading requirement for their RICO claim under Fed. R. Civ. P. 9(b). Plaintiffs do not plead with particularity the actions taken in furtherance of the wire or mail fraud. For instance, plaintiffs state that the "mail, wires or airwaves were used by defendants and each of them 'in furtherance of the scheme to defraud.'" Within that statement are no acts specifically detailing what the defendants did or how they used the mail, wires, or airwaves to perpetrate the acts against plaintiffs. It is axiomatic that a plaintiff alleging fraud know his claim before filing an action, as the purpose of a fraud claim is to provide a remedy after a wrong is reasonably believed to have occurred, not to find a wrong through discovery.[18] As to their RICO claim, plaintiffs have failed to plead with particularity; therefore, the claim is dismissed.

      C.     *Supplemental Jurisdiction of State Law Claims*

This Court "may decline to exercise supplemental jurisdiction over" state law claims where it has "dismissed all claims over which it has original jurisdiction."[19] Where the federal claims are dismissed, a court may dismiss the state law claims as well.[20] But before doing so, a district court should first consider the factors of convenience, judicial economy, fairness, and

---

[17] *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992).

[18] *Id.* at 990.

[19] 28 U.S.C. § 1367(c)(3).

[20] *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)).

comity.[21] Balancing these four factors, this Court concludes that the state law claims should be dismissed.

The remaining claims under the Kansas Securities Act and for an accounting are state law claims, which this Court finds better suited for decision in state court. As the claims refer to an expired act of the Kansas Legislature,[22] this Court finds that comity mandates that Kansas state courts decide the issue. Furthermore, the parties in this case have yet to make substantial steps in the discovery phase of this action as the case is still in the preliminary stages of litigation. Finally, the parties will not suffer any prejudice if this claim is litigated in state court. And because plaintiffs have not responded to this motion, this Court is compelled to find that the state law claims should be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' Motion to Stay Discovery (Doc. 28) is **MOOT.**

**IT IS SO ORDERED**.

Dated this 24th day of October 2007.

                                          S/ Julie A. Robinson
                                          **Julie A. Robinson**
                                          **United States District Judge**

---

[21] *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 803 (10th Cir. 1991) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

[22] The Court notes that the Kansas Securities Act has been replaced with the Kansas Uniform Securities Act.